U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 16 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHERYL ANN BENNETT and WILLIAM PATRICK BENNETT | : | DOCKET NO. 2:08 CV 1157 |
| VS. | : | JUDGE MINALDI |
| JOHN L. COLLIGAN, M.D. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion to Dismiss, [doc. 4], filed by the United States of America. The United States seeks to dismiss this case because the plaintiffs failed to present an administrative tort claim prior to filing suit. The plaintiffs, Cheryl and William Bennett, did not file an Opposition.

The plaintiffs filed suit on January 17, 2008 in the 14th JDC against Dr. Colligan for the alleged negligent medical care of Cheryl Bennett.[1] The Complaint alleges that Dr. Colligan failed to properly perform a cervical biopsy on Cheryl Bennett from December 14, 2006 through June 2007.[2] On August 8, 2008, the United States removed this suit to federal court.[3] Attached to the Motion to Dismiss is the declaration of Meredith Torres, a senior attorney with the Department of Health and Human Services.[4] Ms. Torres swears that, at all relevant times, Dr. Colligan was a

---

[1] Compl. [doc. 1-2].

[2] *Id.* ¶¶ 4-15.

[3] Notice of Removal [doc. 1].

[4] Def.'s Ex. 1 [doc. 4].

1

qualified contractor of Southwest Louisiana Center for Health Services and is thus an employee of the Public Health Service.[5] Ms. Torres further swears that she conducted a database search and there is no record that Cheryl Bennett filed an administrative tort claim relating to Southwest Louisiana Center for Health Services or Dr. Colligan.[6]

A motion to dismiss for lack of jurisdiction under the Federal Tort Claims Act (hereinafter "FTCA") is properly brought under Fed. R. Civ. P. 12(b)(1). *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993). The subject matter jurisdiction of federal courts over the tort liability of the United States rests upon the FTCA's waiver of sovereign immunity. 28 U.S.C. §§ 1346(b), 2671-2680. Pursuant to the FTCA, the United States has waived its sovereign immunity subject to the plaintiff's compliance with procedural requirements.[7] *See* 28 U.S.C. §§ 2401, 2675(a). Lawsuits brought under the FTCA must be "filed in exact compliance with the terms of consent." *Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971).

Under 28 U.S.C. § 2401, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Pursuant to 28 U.S.C. § 2675(a):

---

[5] *Id.* ¶ 6.

[6] *Id.* ¶ 4.

[7] The Congressional intent behind the presentation requirement is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980).

2

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Compliance with 28 U.S.C. § 2675(a) is a prerequisite "to a tort suit brought against the United States." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998) (noting that it is "well-settled" that the time limitations are jurisdictional). Thus, the plaintiffs were required to present a claim for administrative review prior to filing suit in federal court.

The United States has established[8] that the plaintiffs did not submit notice of their claim. Accordingly, the United States seeks dismissal for lack of subject matter jurisdiction because the plaintiffs failed to comply with the FTCA's presentation requirement before bringing suit in federal court. Because there is no evidence before the court that the plaintiffs complied with the FTCA's requirements before bringing suit,

IT IS ORDERED that the Government's Motion to Dismiss, [doc. 4], is hereby GRANTED, and the United States is hereby DISMISSED.

Lake Charles, Louisiana, this __6__ day of __Oct__, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[8] Def.'s Ex. 1.

3